UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORIZON RIVER RESTAURANTS LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-3955** |
| **FRENCH QUARTER HOTEL OPERATOR, LLC** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] by plaintiff and counter-defendant Horizon River Restaurants LLC ("Horizon"), pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss counts II and III of defendant and counter-claimant French Quarter Hotel Operator, LLC's ("FQHO") counterclaim,[2] which alleges negligent misrepresentation and fraudulent misrepresentation, respectively. For the reasons that follow, the Court denies Horizon's motion without prejudice, and grants FQHO leave to amend.

### I. FACTUAL BACKGROUND

This is a contract dispute arising from a sublease agreement ("the Lease") signed by Horizon and FQHO on February 19, 2018, pursuant to which FQHO would lease Horizon a property on Canal Street in New Orleans for the purposes of opening a Pizza Hut location.[3] Horizon also agreed to build out office space in the property for use by FQHO as an office.[4] As a result of delays related to the COVID-19 pandemic, Horizon and FQHO executed an amendment to the Lease on June 30, 2021 (the

---

[1] R. Doc. No. 14.
[2] R. Doc. No. 9.
[3] R. Doc. No. 1, ¶ 8; R. Doc. No. 9, Counterclaim ¶¶ 1, 3.
[4] R. Doc. No. 1, ¶ 10.

"Third Amendment").[5] The Third Amendment provided in relevant part that Horizon would receive a 50% rent abatement for the period from October 1, 2021 to March 31, 2022, that the Pizza Hut restaurant would be opened for business on March 31, 2022, and that the office space construction would be completed on October 28, 2021.[6]

On March 22, 2022, an employee of FQHO emailed Horizon, instructing it to "[h]old off on any build out, material purchases, or construction until further notice."[7] In response, Horizon sent a letter on May, 24, 2022 as "notice of Landlord's defaults and to demand cure."[8] On June 29, 2022, Horizon provided FQHO with formal notice of termination of the Lease.[9]

Horizon filed this action on October 17, 2022, seeking a declaratory judgment that its termination of the lease was "a valid exercise of Horizon's right under Section 2.10 of the Lease to terminate the Lease due to [FQHO's] defaults, and that the Lease was and is therefore terminated."[10] Horizon also alleges breach of contract, breach of the warranty of peaceful possession, bad faith breach of contract, bad faith breach of the warranty of peaceful possession. It also seeks damages, attorney's fees and costs.[11] FQHO filed a counterclaim on November 30, 2022, which alleges breach of

---

[5] *Id.* ¶ 11.
[6] *Id.* ¶¶ 5–8; *see also* R. Doc. No. 14-1, at 2–3.
[7] R. Doc. No. 1-9, at 1.
[8] R. Doc. No. 1, ¶ 35; R. Doc. No. 1-11, at 1–6.
[9] R. Doc. No. 1, ¶ 37; R. Doc. No. 1-12, at 1–3.
[10] R. Doc. No. 1, ¶ 40.
[11] *Id.* ¶¶ 41–67.

contract, negligent misrepresentation, and fraudulent misrepresentation. It seeks damages, attorney's fees and costs.[12]

Horizon seeks dismissal of FQHO's negligent misrepresentation and fraudulent misrepresentation claims, contending that (1) the claims are prescribed by La. Civ. Code art. 3492, (2) FQHO's counterclaim failed to identify any false representation of fact made by Horizon, and (3) FQHO failed to allege fraud with sufficient particularity, as required by Federal Rule of Civil Procedure 9(b).[13]

## II. STANDARDS OF LAW

### a. Dismissal for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

---

[12] R. Doc. No. 9, Counterclaim ¶¶ 17–37.
[13] R. Doc. No. 14-1, at 1.

3

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equity, Inc.*, 540 F. 3d 333, 338 (5th Cir. 2008)).

### b. Rule 9(b)'s Pleading Requirements

Pursuant to Federal Rule of Civil Procedure 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) imposes a heightened pleading standard

compared to "Rule 8(a)(2)'s threshold requirement that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

The Fifth Circuit applies "Rule 9(b) to fraud complaints with 'bite' and 'without apology[.]'" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). While it is true that "Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading," and "does 'not reflect a subscription to fact pleading,'" it does "require[] . . . simple, concise, and direct allegations of the circumstances constituting fraud." *Id.* at 186 (quoting *Williams*, 112 F.3d at 178).

The Fifth Circuit requires "plaintiff[s] to plead 'the time, place and contents of the false representation[], as well as the identity of the person making the misrepresentation and what that person obtained thereby.'" *Id.* (quoting *United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir. 1999)) (first alteration added, second in original). In short, the plaintiff must "set forth the who, what, when, where, and how of the alleged fraud." *Frazier v. Runnels*, No. 18-2340, 2019 WL 763511, at *2 (E.D. La. Feb. 21, 2019) (Lemelle, J.) (quoting *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010)).

### III.  ANALYSIS

#### a.  Prescription

Both Horizon and FQHO agree that negligent misrepresentation and fraudulent misrepresentation claims are delictual in nature and are therefore subject

5

to the one-year prescriptive period established by La. Civ. Code art. 3492.[14] Pursuant to La. Civ. Code art. 3492, the one-year prescriptive period "commences to run from the day injury or damage is sustained." The question before the Court is therefore when FQHO's alleged injury or damage was sustained.

"Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action." *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993) (citing *McCray v. N.E. Ins. Co.*, 579 So. 2d 1156 (La. App. 2 Cir. 1991)). "Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Guerin v. Travelers Indem. Co.*, 296 So. 3d 625, 629 (La. App. 1 Cir. 2020) (citing *Campo v. Correa*, 828 So. 2d 502, 510 (La. 2002)). Pursuant to the discovery rule, there must be actual or constructive notice of "the tortious act, the damage caused by the tortious act, and the causal link between the act and the damage before one can be said to have 'constructive notice' of one's cause of action." *Becker v. Murphy Oil Corp.*, 70 So. 3d 885, 915 (La. App. 4 Cir. 2011) (quoting *Ducre v. Mine Safety Appliances*, 963 F.2d 757, 760 (5th Cir. 1992)).

"Louisiana law also cautions that a prescription defense is not favored at the pleadings stage because '[d]etermination of when prescription commences under the discovery rule is a fact-intensive inquiry.'" *Doe v. Bd. of Supervisors of Univ. of La. Sys.*, No. 22-338, 2023 WL 143171, at *18 (M.D. La. Jan. 10, 2023) (quoting *Bailey v.*

---

[14] R. Doc. No. 14-1, at 6; R. Doc. No. 15 at 4.

*Khoury*, 891 So. 2d 1268, 1284 (La. 1/20/05). Louisiana law also holds that "it is the defendant's burden to prove prescription, and that this burden shifts only if the 'plaintiff's claim is barred on its face.'" *Id.* (quoting *Bailey*, 891 So. 2d at 1284); *see also In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 388–89 (5th Cir. 2021) ("The burden of proof is normally on the party pleading prescription[.]").

Horizon asserts that the prescriptive period for FQHO's misrepresentation claims began to run on October 1, 2021, because Horizon's "alleged misrepresentations 'induced' FQHO into entering [into] the Third Amendment, and October 1, 2021 is the date on which FQHO first incurred damage as a result of that inducement."[15] In other words, Horizon asserts that the damage FQHO allegedly suffered was receiving 50% abated rent payments starting on October 1, 2021 pursuant to the Third Amendment, instead of the full rental payments they had originally agreed to pursuant to the Lease. Therefore, Horizon argues, beginning on October 1, 2021 FQHO had knowledge of any damage FQHO suffered with sufficient certainty to support accrual of a cause of action and thus prescription began to run on that date.[16]

To support this argument, Horizon cites *National Council on Compensation Insurance v. Quixx Temporary Services, Inc.*, 665 So. 2d 120 (La. App. 4 Cir. 11/16/95). Specifically, Horizon cites language, in bold, from the following passage:

> According to appellants, as a result of [negligent] misrepresentations made on applications for worker's compensation insurance, they issued polices for substantially

---

[15] R. Doc. No. 14-1, at 7.
[16] *Id.* at 7–8.

7

> reduced premiums. Therefore, they sustained **actual and appreciable damage** when the policies were issued and the first premium was accepted. This damage, although undetermined, was **neither speculative nor contingent upon a subsequent event** . . . .

*Id.* at 122. However, it appears that the *National Council* court was merely discussing the appellant's arguments in the above-quoted language, not the court's holding. This is evidenced by the fact that the court went on to hold the following:

> Prescription runs from the time at which the plaintiff has actual or constructive knowledge of the tortious act, which is the time at which the plaintiff has information sufficient to excite attention and prompt further inquiry . . . . The heart of the inquiry into constructive knowledge is the reasonableness of plaintiff's inaction . . . . We agree that appellants could not have had actual or constructive knowledge of the cause of action at the time the negligent misrepresentations are alleged to have been made.

*Id.* at 123–24.

As in *National Council*, the alleged misrepresentations in the instant case occurred on the date that the contract between the parties—here, the Third Amendment—was signed on June 30, 2021. Horizon offers no evidence that FQHO had actual or constructive knowledge of any alleged misrepresentations at the time the Third Amendment was signed or on October 1, 2021, when FQHO accepted reduced rent payments from Horizon pursuant to the terms of the Third Amendment. Any harm FQHO suffered due to these alleged misrepresentations had therefore not "manifested itself with sufficient certainty to support accrual of a cause of action" on October 1, 2021. *Cole*, 620 So.2d at 1156.

There is also no evidence that FQHO had actual or constructive knowledge of any misrepresentations giving rise to a cause of action through November 30, 2021—

8

one year before FQHO filed a counterclaim for negligent and fraudulent misrepresentations.[17] Indeed, Horizon's own complaint references and attaches communications—incorporated by reference into FQHO's answer/counterclaim by an admission of the existence of said communications[18]—indicating that FQHO was unsure of the progress of the restaurant's construction and was working with Horizon to acquire the necessary approvals in December 2021 and January 2022.[19] Horizon has therefore failed to meet its burden of proof that FQHO's claims are prescribed.

### b. Negligent Misrepresentation

Under Louisiana law, the elements of a claim for negligent misrepresentation are:

> 1) the defendant, in the course of its business or other matters in which it had a pecuniary interest, *supplied false information*; 2) the defendant had a legal duty to supply correct information to the plaintiff; 3) the defendant breached its duty, which can be breached by omission as well as by affirmative misrepresentation; and 4) the plaintiff suffered damages or pecuniary loss as a result of its

---

[17] FQHO's counterclaim was filed on November 30, 2022. *See* R. Doc. No. 9.
[18] *Id.* at ¶ 22. "[A] district court may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also* Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2018).
[19] For instance, in Exhibit G, Kirsten Vaselaar, the Senior Vice President of Commercial Real Estate for FQHO, asks fellow FQHO employee Pricilla Perry in an email on December 15, 2021: "What is the status of Pizza Hut? Are they still coming in?" R. Doc. No. 1-7, at 4. Then, in a January 7, 2022 email in the same chain, Perry tells a Horizon employee: "Looping in Kirsten and [another FQHO employee] as [FQHO] is eagerly waiting for a response on [Horizon's] intentions with respect to planned building changes. At the very least will you set an expectation on timing for when you should have a response prepared?" *Id.* at 3.

> justifiable reliance upon the omission or affirmative misrepresentation.

*Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, No. 04-0997, 2005 WL 1309153, at *3 (E.D. La. May 19, 2005) (Africk, J.) (emphasis added). To state a claim for negligent misrepresentation, FQHO must plead "factual content that allows the court to draw the reasonable inference that" Horizon made a statement or provided information which was false. The Court finds that FQHO has not done so.

The false representation that FQHO alleges Horizon made is that found in a April 30, 2021 letter FQHO alleges it received from Horizon,[20] stating that Horizon's "financial situation was dire due to the COVID-19 pandemic and the rental abatement and extension of the Opening Deadline was necessary for it to ultimately be able to fulfill its obligations under the Lease and complete construction of the Leased Premises."[21] FQHO alleges that, reasonably relying upon this representation, FQHO entered into the Third Amendment setting forth the rent abatement, and extending the deadlines for Horizon to complete the office space and to open the restaurant, to its detriment.[22]

FQHO alleges the representation made in the April 30, 2021 letter was false because Horizon, at the time it made the representation, "had no intention of having the Leased Premises open for business by the Opening Deadline."[23] FQHO alleges that the falsity of representation is evidenced by "the lack of any legitimate effort on

---

[20] Neither party has provided the Court with a copy of the April 30, 2021 letter.
[21] R. Doc. No. 9, Counterclaim ¶ 23; R. Doc. No. 15, at 2, 6–7.
[22] R. Doc. No. 9, Counterclaim ¶¶ 26–27; R. Doc. No. 15, at 7.
[23] R. Doc. No. 9, Counterclaim ¶ 24.

the part of [Horizon] to begin construction of its Pizza Hut restaurant in the Leased Premises, much less have it open for business, fully fixtured, stocked, and staffed[.]"[24] In its opposition to the instant motion, FQHO asserts that Horizon's misrepresentation was making a "promise that, *at the time it was made*, [Horizon] knew or should have known it was unable to fulfill."[25]

FQHO's allegations fail to state a plausible claim for relief that satisfies the federal pleading standard. The only arguably factual allegation FQHO makes to support the existence of a misrepresentation of fact is the lack of progress on the Pizza Hut construction. Based on this allegation alone, FQHO's claim asks the Court to infer that Horizon's financial situation was not dire, and the rental abatement and deadline extensions were not necessary. Rule 8(a)(2) does not impose a "probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson*, 790 F.3d at 616. As FQHO has failed to allege any facts which would support finding Horizon's representation regarding its financials to be false, FQHO has failed to state a claim of negligent misrepresentation.

### c.     Fraudulent Misrepresentation

The elements of a claim for fraudulent, or intentional, misrepresentation pursuant to Louisiana law are "similar [to negligent misrepresentation]: 1) a *misrepresentation of a material fact*, 2) made with intent to deceive, and 3) causing justifiable reliance with resultant injury." *Kadlec*, 2005 WL 1309153, at *3 (citing

---

[24] *Id.*
[25] R. Doc. No. 15, at 7 (emphasis in original).

*Guidry v. United States Tobacco*, 188 F.3d 619, 627 (5th Cir. 1999) (emphasis added)). Therefore, as when alleging negligent misrepresentation, to state a claim for fraudulent misrepresentation FQHO must plead "factual content that allows the court to draw the reasonable inference that the defendant" made a statement or provided information which was false. The Court finds that FQHO has not done so.

As in FQHO's claim of negligent misrepresentation, the false representation that FQHO alleges Horizon made is the representation found in the April 30, 2021 letter from Horizon regarding Horizon's financial situation.[26] FQHO again alleges that the falsity of the representation is evidenced by "the lack of any legitimate effort on the part of [Horizon] to begin construction of its Pizza Hut restaurant in the Leased Premises, much less have it open for business, fully fixtured, stocked, and staffed[.]"[27]

As FQHO notes in its opposition to Horizon's motion, "[w]hile a fraud claim based on unfulfilled promises or statements as to future events will not satisfy the justifiable reliance requirement, a claim of fraud may be predicated on promises made with the intention not to perform at the time the promise is made." *Mark Doyle Constr., LLC v. TriHM Found., LLC*, No. 17-0674, 2021 WL 2653251, at *6 (W.D. La. June 28, 2021), *aff'd sub nom. Mark Doyle Constr., L.L.C. v. First Standard Asurety, L.L.P.*, No. 21-30442, 2022 WL 2826449 (5th Cir. July 20, 2022). Yet FQHO has alleged no facts that would allow the Court to draw the reasonable inference that (1) Horizon's claims regarding its financial situation were false and (2) that Horizon did

---

[26] R. Doc. No. 9, Counterclaim ¶ 29; R. Doc. No. 15, at 2, 6–7.
[27] *Id.* ¶ 30.

12

not intend to complete construction of the restaurant and the office space when it entered into the Third Amendment with FQHO. When considering fraudulent misrepresentation claims, "[c]ourts must consider whether a defendant 'simply made unfulfilled promises, or whether [he] never intended to honor the alleged misrepresentations [he] made to plaintiffs.'" *Mark Doyle Constr.*, 2021 WL 2653251, at *6.

The only relevant factual assertions made in FQHO's counterclaim are: "[t]he Office Space build-out deadline of October 28, 2021 was not met"; "[t]he Lease Premises was not opened, fully fixtured, stocked and staffed by March 31, 2022"; and that, "[d]espite being in possession of the Leased Premises for more than four years, [Horizon] failed to begin even the initial stages of the construction process."[28] From these few factual allegations, FQHO asserts that "[a]t the time it made the representation, [Horizon] had no intention of having the Leased Premises completed and open for business by the Opening Deadline."[29] However, none of the factual allegations would allow this Court to infer Horizon's representation regarding its financial situation was false, or that Horizon intended to deceive FQHO at the time the Third Amendment was signed.

FQHO's pleadings as to this claim are especially inadequate in light of the Fifth Circuit's application of Rule 9(b)'s heightened pleading standard for claims alleging fraud or mistake. Though Rule 9(b) does not require fact pleading, it does

---

[28] R. Doc. No. 9, Counterclaim ¶¶ 10–12.
[29] *Id.* ¶ 32.

"require[] . . . simple, concise, and direct allegations of the circumstances constituting fraud." *Id.* at 186. Merely pointing to Horizon's failure to perform contractual obligations is not a "direct" allegation of the "circumstances constituting fraud." Horizon may have made a promise it ultimately did not fulfill, this is not necessarily evidence that it never intended to fulfill that promise. *Mark Doyle Constr.*, 2021 WL 2653251, at *6. The Court therefore finds that FQHO failed to plead a claim of fraudulent misrepresentation.

### d. Leave to Amend

Though FQHO's counterclaim is deficient, the Federal Rules command that courts "should freely give leave" to amend an inadequate pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, FQHO's complaint does not provide Horizon with sufficient information as to the factual basis of its claims. However, in its opposition to the instant motion, FQHO in the alternative requested leave to amend its counterclaim in lieu of dismissing its claims of negligent misrepresentation and fraudulent misrepresentation.[30] Consequently, the Court will permit FQHO the opportunity to amend its counterclaim.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Horizon's motion to dismiss is **DENIED WITHOUT PREJUDICE**. Horizon may reurge this motion once an amended counterclaim has

---

[30] R. Doc. No. 15 at 7, 10–11.

been filed or may file a motion for summary judgment when the record has become more developed.

**IT IS FURTHER ORDERED** that, if it intends to do so, FQHO may file an amended counterclaim adequately alleging claims of negligent misrepresentation and/or fraudulent misrepresentation **no later than MARCH 16, 2023**; failure to do so will result in a dismissal of those claims.

New Orleans, Louisiana, March 2, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**