UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORIZON RIVER RESTAURANTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3955** |
| **FRENCH QUARTER HOTEL OPERATOR, LLC** | **SECTION: "P" (5)** |

## ORDER

Before the Court is a Consent Motion to Seal and Memorandum in Support Thereof, filed by French Quarter Hotel Operator, LLC ("FQHO").[1] For the following reasons, FQHO's motion is **GRANTED**.

## LAW AND ANALYSIS

The Fifth Circuit has advised that "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[2] "[T]he working presumption is that judicial records should not be sealed. . . . And, to the extent that any sealing is necessary, it must be congruent to the need."[3] "Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption."[4] Thus, while there is a presumption of public access to judicial records, court have recognized that this access is not absolute.[5]

---

[1] R. Doc. 54
[2] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).
[3] *Id.*
[4] *Shell Offshore, Inc. v. Eni Petroleum US LLC*, No. 16-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (quoting *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)).
[5] *See, e.g., S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)); *North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial

FQHO asks this Court to seal two exhibits filed into the record in support of FQHO's Motion to Continue Trial and Pretrial Deadlines (R. Doc. 47). FQHO describes the exhibits as follows:

<u>Exhibit C</u>: non-public, private correspondence that details confidential and protected business information and market research data, along with confidential business negotiations that implicate the financial status of a non-public entity, specifically discounts and profit margins;

<u>Exhibit F</u>: non-public, private and confidential financial proposals and terms, along with protected business information pertaining to a request for construction and business loans.[6]

Upon review of these exhibits, the Court agrees with FQHO's description, and finds that the exhibits exclusively reference the internal financial information of a private entity. The Court further agrees and finds that there is a strong interest in keeping this information private and that the public has a relatively minimal interest in this information. Thus, while the public's right to access to court documents requires restraint in maintaining documents under seal, the private entity's interests in the continued privacy of its internal financial information justifies an order sealing same.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that FQHO's Consent Motion to Seal and Memorandum in Support Thereof (R. Doc. 54) is **GRANTED.**

**IT IS FURTHER ORDERED** that Exhibit C and Exhibit F attached to FQHO's Partially Opposed Motion to Continue Trial Date and Pre-Trial Deadlines (R. Doc. 47) be sealed.

---

information sealed" because the public has a "relatively minimal interest in [that] particular information") (citations omitted); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).

[6] R. Doc. 54.

New Orleans, Louisiana, this 31st day of August 2023.

                                                                **DARREL JAMES PAPILLION**
                                                              **UNITED STATES DISTRICT JUDGE**