UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORIZON RIVER RESTAURANTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3955** |
| **FRENCH QUARTER HOTEL OPERATOR, LLC** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Amend Scheduling Order,[1] filed by Defendant and Counter-Plaintiff, French Quarter Hotel Operator, LLC ("FQHO"), seeking an amendment of the Court's October 10, 2024 Scheduling Order[2] in this action. Plaintiff and Counter-Defendant Horizon River Restaurants, LLC and Third-Party Defendant Scott Davison (collectively "Horizon") filed an opposition to FQHO's motion,[3] and FQHO submitted a memorandum in reply to Horizon's opposition.[4] On November 22, 2024, the Court issued an Order[5] denying FQHO's motion. The Court now supplies the following as its written reasons for its November 22, 2024 Order.

### I.   FACTUAL BACKGROUND

This is an action for damages arising out of allegations of breach of a commercial lease. Horizon sued FQHO on October 17, 2022 alleging FQHO breached a commercial lease.[6] FQHO, in turn, countersued Horizon and its principal, Scott Davison, for alleged breach of the lease, negligent misrepresentation, and fraudulent misrepresentation.[7] This Court, very familiar with this action since its June 27, 2023 transfer from Section I to Section P, issued an Order on October 10,

---

[1] R. Doc. 137.
[2] R. Doc. 136.
[3] R. Doc. 144.
[4] R. Doc. 155.
[5] R. Doc. 159.
[6] R. Doc. 1.
[7] R. Doc. 9.

2024, continuing the December 9, 2024 trial of this action and the November 13, 2024 final pretrial conference,[8] and also issued an Amended Scheduling Order setting this action for a five-day jury trial, beginning on Monday, August 18, 2025.[9] The trial of this action was moved by the Court from December 9, 2024 due to conflicts on the Court's docket.[10] Based upon the Court's familiarity with this action's procedural posture, and considering this case will not be tried until August 18, 2025, the Court included in its October 10, 2024 Scheduling Order a new set of pretrial deadlines, including dates for completion of expert and other discovery, even though the Court's prior deadlines for completion of expert and other discovery had expired.

FQHO now seeks to amend the Court's October 10, 2024 Scheduling Order by changing it "to provide that the discovery period and expert report deadlines have expired, leaving only the dispositive motion and pretrial conference deadline based off the current trial setting."[11] FQHO contends it would be unduly prejudicial and costly to FQHO to proceed as the Court has ordered, and FQHO would rather proceed to trial on August 18, 2025, with no further discovery or expert work by either side.[12]

## II.     LAW AND ANALYSIS

The control of discovery in a federal civil action is left to the district court's sound discretion.[13] Here, as the party seeking modification of the Court's October 10, 2024 Scheduling Order, FQHO bears the burden of establishing good cause for modification of the Court's order pursuant to FRCP 16(b)(4)'s requirement that a party seeking to amend a scheduling order must

---

[8] R. Doc. 135.
[9] R. Doc. 136.
[10] R. Doc. 135.
[11] R. Doc. 137-1 at 4.
[12] *Id*.
[13] *Mitchell v. Metro. Life*, 15 F.3d 1079 (5th Cir. 1994) (per curiam) (citing *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)). Because district courts are afforded great discretion regarding control of their dockets, their decisions are reviewed only for abuse of discretion. *Wilson v. Martco Ltd. P'ship*, No. 07-1082, 2008 WL 11393109, at *1 (W.D. La. July 17, 2008) (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1139 (5th Cir. 1992)).

show good cause and obtain the judge's consent.[14]  In the Fifth Circuit, courts evaluate the following four factors when determining whether good cause exists for the alteration of a scheduling order: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure any prejudice.[15]  Of course, a federal court's evaluation of a party's request to amend a scheduling order under Rule 16(b)(4) turns on a case-specific analysis of these factors in the larger context of the particular case before the court.

With respect to the first factor—the movant's explanation for failure to timely comply with the scheduling order—FQHO failed to address its ability to comply with the October 10, 2024 Scheduling Order.  Instead, FQHO argues the Court should not have issued the deadlines in the October 10, 2024 Scheduling Order in the first place.  As Horizon notes in its opposition memorandum, however, the relevant inquiry centers on whether FQHO can timely comply with the current scheduling order.  The entire thrust of FQHO's briefing on this point is that it is ready for trial, and no additional deadlines are warranted.   If the Court agreed with that assertion, it would not have issued the deadlines contained in the October 10, 2024 Scheduling Order, and FQHO's abnegation of its responsibility to directly address this key factor relevant to resolution of its motion fails to convince the Court, at least on this score, that it should amend its October 10, 2024 Scheduling Order.  Having failed to make a tenable showing that it cannot comply with the current scheduling order, which gives both FQHO and Horizon more time to complete any

---

[14] In the instant motion, however, FQHO seems to be operating under the misimpression that the Court, endowed with inherent authority to control its docket and the conduct of discovery and specifically endowed by the Federal Rules of Civil Procedure with authority to "consent" to the parties' requests to modify the Court's scheduling orders upon a showing of good cause, must somehow affirmatively make this showing when issuing or modifying its own scheduling order.  That is not the case.  Indeed, while the Court's decision must, of course, be rooted in good cause, the Court's paramount obligation is to use its discretion wisely in the pursuit of justice.  Once the Court has issued a scheduling order, a party seeking to amend that scheduling order must satisfy the requirements of Rule 16(b)(4).

[15] *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

necessary work so that this case can be prepared for trial in August of 2025, FQHO cannot prevail on this factor.

Turning to the second factor, the importance of the requested relief, FQHO's briefing failed to directly address or explain why it is, in effect, asking the Court to interdict all discovery and expert work in a case that will not be tried for several months, at the earliest. In its supporting memorandum, FQHO, acting more as if it is opposing a motion to extend deadlines filed by Horizon than as the movant in a motion seeking to amend an order set by the Court, directed its efforts at focusing the Court on the prejudice it contends it will suffer as a result of potentially having to do additional discovery and pretrial work in this action. Potentially helpful to the Court, but missing from FQHO's briefing, other than its forceful argument of prejudice, would have been a direct analysis of the importance or effect of its desired embargo of any further pretrial work in a case that will not be tried for several months. Notwithstanding FQHO's failure to address the importance of the requested relief, the Court finds this issue to be a significant one. The Court found good cause to issue a new scheduling order in this action to ensure that both parties have a full and fair opportunity to be ready for trial, and, to the extent practical, to ensure that this case can be tried as scheduled on August 18, 2025. Owing to the current congestion of its docket, originally formed through the transfer of cases from other sections of this district in various stages of preparation and involving a variety of previously issued scheduling orders, the Court can ill-afford any last-minute requests by the parties, particularly in this contentious action, to derail the scheduled trial due to an unplanned, but nonetheless unresolved, discovery, evidentiary, expert, or other issue. The Court's familiarity with the record in this case informed the Court's decision to issue a commodious scheduling order to ensure, in connection with the Court's obligation to manage its docket, that this case can be tried as currently scheduled. The Court, therefore, finds

this second factor, like the first factor, counsels against granting FQHO's motion to amend the scheduling order.

Turning to the third factor, the potential prejudice in granting the relief sought, the Court will analyze the extent denying the relief sought here—amendment of the October 10, 2024 Scheduling Order—would prejudice FQHO while also simultaneously weighing the potential prejudice to Horizon if the motion is granted. On this factor, of course, FQHO has invested a great deal of effort and energy, and the Court is sympathetic to the issues FQHO has raised in its briefing. FQHO contends the October 10, 2024 Scheduling Order will cause FQHO prejudice because the new expert and discovery deadlines re-open discovery and give Horizon a proverbial do-over after FQHO has shown its hand. FQHO argues mightily that because, under the prior scheduling order, discovery was closed, and FQHO has filed dispositive motions, the current scheduling order causes it to suffer prejudice. FQHO argues the current scheduling order will give Horizon the unfair opportunity to better prepare its case for trial. FQHO also argues that because the current scheduling order gives both sides time to do additional discovery and expert work, the scheduling order prejudices FQHO because of the additional discovery costs FQHO will likely be forced to bear. The Court disagrees. As an initial matter, the Court notes the initial scheduling order in this rather complex commercial case gave the parties a very limited time within which to complete discovery.[16] In hindsight, it is clear both sides would have benefited from a more generous period

---

[16] The April 25, 2023 Scheduling Order gave plaintiffs a little over 60 days within which to produce expert reports while giving defendants just over 90 days within which to submit expert reports; gave the parties less than four months to conduct discovery; and gave the parties a little over 90 days to identify all witnesses and exhibits. *See* R. Doc. 32. Indeed, FQHO recognized the original scheduling order was unduly optimistic in its assessment of the time needed to prepare this case for trial when it sought a continuance of the November 6, 2023 trial. Interestingly, when Horizon would only agree to a roughly 60 day continuance of the November 6, 2023 trial, FQHO argued, in a motion filed on what had been the discovery deadline, that "extensive discovery" was required, and "[a] continuance of the trial date for only sixty days" was simply "not feasible" to accommodate the "necessary discovery" that needed to be done on what was, at that time, the last day for discovery. *See* R. Doc. 47 at 4–5. Ultimately, the Court did not need to pass on the merits of FQHO's motion because, as it informed the parties it would do during an August 25, 2023 status

5

within which to complete pretrial discovery and expert work, and, indeed, both parties have previously requested relief from the original scheduling order deadlines. While FQHO correctly points out that the Court previously continued the trial without setting new expert and discovery deadlines, the fact that the Court previously moved the trial date without also extending the deadlines is regrettable, and the Court's October 10, 2024 Scheduling Order rectified this by giving both parties additional time to do the work necessary to prepare this case for trial. The Court emphasizes the current scheduling order applies equally to both sides, and the Court strongly counsels both sides that no further extensions of the pretrial deadlines are likely to be granted in this action.

While sympathetic to FQHO's arguments regarding increased litigation costs arising out of the October 10, 2024 Scheduling Order, the Court does not find FQHO's arguments persuasive, and it does not find FQHO will be unfairly prejudiced as a result of both sides having additional time to do the pretrial work necessary to prepare this case for trial. In fact, FQHO's arguments regarding the prejudice it contends it will suffer must yield to an important and overarching consideration—namely that our system of justice is founded on the principle that litigation is designed to be a search for the truth.[17] Litigation is not an "intellectual game that is circumscribed by the inflexible rules that define it."[18] "The fundamental premise of the federal rules is that a trial is an orderly search for the truth in the interest of justice rather than a contest between two gladiators with surprise and technicalities as their chief weapons."[19] Accordingly, the Court

---

conference, it continued the November 6, 2023 trial due to conflicts on its then-very-congested docket that had been created a little less than two months earlier. *See* R. Doc. 60.

[17] *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996).

[18] *SR Intern. Bus. Ins. Co. Ltd v. World Trade Ctr. Properties, LLC*, No. 01 Civ. 9291, 2002 WL 1163577, at *3 (S.D.N.Y. June 3, 2002).

[19] *Id.* (citations omitted). Indeed, FQHO's invective that "this Court's decision to reopen discovery is inconsistent with Rule 1 of the Federal Rules of Civil Procedure, requiring that rules should be 'employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action' because it will result in *injustice and expense to FQHO*," R. Doc. 155 at 3 (emphasis added), misses the fundamental point of Rule 1 that while speed and

concludes that while the third factor is a closer call than the other factors relevant in an analysis of FQHO's motion, the Court finds the risk of potential prejudice to FQHO is not sufficiently great for the Court to find in FQHO's favor.

Turning, finally, to the fourth factor, the availability of a continuance to cure the problem, the Court finds this factor to be a neutral one in that FQHO's motion and related complaints arise in the context of the Court, in essence, granting the parties a continuance by moving the scheduled trial on the Court's own motion.  To the extent FQHO claims it is prejudiced by additional discovery or expert work Horizon may do, the Court would simply reiterate that FQHO also has the right, under the October 10, 2024 Scheduling Order, to do whatever additional work it deems necessary to ensure it is prepared for trial.  As previously stated, the October 10, 2024 Scheduling Order applies equally to both sides.  Therefore, as with the other three factors, this factor does not fall in FQHO's favor.

## III. CONCLUSION

For the reasons set forth herein, after considering the applicable law and the record in this case, FQHO's Motion to Amend Scheduling Order (R. Doc. 137) is **DENIED**.

New Orleans, Louisiana, this 11th day of December 2024.

_____
**DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE**

---

efficiency are important, absent some compelling reason, cases should be decided on the merits, *see generally Hickman v. Taylor*, 329 U.S. 495, 507 (1948), and not on procedural technicalities, *see generally Arch Specialty Ins. Co. v. C & G Const.*, No. 12-2047, 2015 WL 5012951, at *4  (E.D. La. Aug. 18, 2015).